# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WARNER RECORDS INC.; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CRUMBL, LLC,<br><br>Defendant. | **SCHEDULING ORDER**<br><br>Case No. 2:25-cv-00316-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Pursuant to Fed. R. Civ. P. 16(b), the court received the Attorney Planning Meeting Report filed by counsel. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-5.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

**1. PRELIMINARY MATTERS**

| | | | |
|---|---|---|---|
| a. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | 08/25/2025 |
| b. | | Participants: *(include the name of the party and attorney, if applicable)*<br><br>Attorneys for Plaintiffs:<br>Ryan C. Morris, Rollin A. Ransom, and Lauren M. De Lilly<br><br>Attorneys for Defendant:<br>Chris Mack, Gary Greenstein, and Paul Sampson | |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | 09/15/2025 |

| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |
|---|---|---|---|---|

## 2. PROTECTIVE ORDER

| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
|---|---|---|---|---|
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)* | | |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): (describe the process)<br><br>On September 3, 2025, the parties filed a Joint Motion for a Protective Order, attaching a [Proposed] Protective Order closely modeled after the Court's SPO and that includes the same process to resolve all claims of waiver of attorney-client privilege or work-product protection, as well as protections under Federal Rule of Evidence 502(d). ECF No. 31.<br><br>On September 4, 2025, pursuant to Federal Rule of Civil Procedure 26(c), the Court entered the parties' [Proposed] Protective Order as an Order of the Court. ECF No. 32. | | |
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product | | |

| | | |
|---|---|---|
| | protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)*<br><br>The parties anticipate that this action will involve disclosure of information, documents, or other materials that will be designated as Confidential or Attorney's' Eyes Only. The Protective Order entered by the Court on September 4, 2025 (ECF No. 32) includes the same process to resolve all claims of waiver of attorney-client privilege or work-product protection as the Court's SPO. | |

3. **DISCOVERY PLAN**

| | | | |
|---|---|---|---|
| a. | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>Plaintiffs contend that discovery will be needed into the following non-exhaustive list of subject areas:<br>• Defendant's policies, practices, and procedures concerning its use of social media, and use of social media by its influencers and franchisees to advertise, market, and promote Defendant or Defendant's products<br>• Defendant's relationships with social media influencers, including any contracts or agreements, communications, and any compensation, benefits, perks, or incentives Defendant provides to such influencers<br>• Defendant's relationships with its franchisees, including any contracts or agreements, communications, and any compensation, benefits, perks, or incentives Defendant provides to such franchisees<br>• Defendant's use, and use by Defendant's influencers and franchisees, of copyrighted musical works, including Plaintiffs' works, to advertise, market, and promote its products on social media, and any licenses or due diligence related to such use<br>• Defendant's financial data, including its revenues and profits and its advertising and marketing budgets and expenditures<br>• Defendant's efforts to respond to cease and desist requests relating to the use of copyrighted musical works on social media, including the removal of any posts or videos<br>• Defendant's efforts to preserve any social media posts or videos that use copyrighted musical works | | |

|   |   |   |
|---|---|---|
|   |   | - Plaintiffs' ownership of the copyrighted musical compositions and sound recordings at issue<br><br>Defendant contends that discovery will be needed into the following non-exhaustive list of subject areas:<br><br>- Plaintiffs' agreements with social media companies licensing musical content (musical compositions and sound recordings) and documents and communications concerning them, including payments Plaintiffs have received under such agreements and the allocation of such payments to recording artists, songwriters, composers, and any other royalty participants<br>- License agreements concerning the works in suit and documents and communications concerning them<br>- Documents and communications concerning Plaintiffs' efforts to promote their copyrighted musical compositions and sound recordings through social media, including by paying social media influencers or other social media users to promote such content.<br>- Documents and communications concerning Plaintiffs' discovery of Crumbl's posts and any steps taken to mitigate their damages, if any<br>- Documents and communications related to other similar disputes raised by Plaintiffs with respect to third parties<br><br>The parties anticipate the need of considerable third-party discovery. The parties' identification of the above topics is not a waiver of any rights, and the parties expressly reserve their right to object on any grounds to any discovery, including any discovery requests related to the above topics. |
| c. |   | <u>Discovery Phases</u>:<br><br>- Will discovery be conducted in phases? If so, please explain.<br><br>Discovery will be conducted in two phases: (1) fact discovery, followed by (2) expert discovery.<br><br>- Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.<br><br>The parties do not anticipate that discovery will be limited to or focused on particular issues or that discovery on any particular issue will be accelerated. |
| d. |   | <u>Electronically Stored Information</u>: (describe how the parties will handle discovery of electronically stored information) |

| | | The parties anticipate that discovery will involve the production of electronically stored information ("ESI"). The parties shall handle discovery of ESI as follows: The parties propose that discovery of ESI be conducted in accordance with the Federal Rules of Civil Procedure, and any other applicable rules of the Federal Rules of Civil Procedure, and as agreed upon in the attached forthcoming Stipulated ESI Protocol. The parties are currently negotiating a Stipulated ESI Protocol to be filed with the Court. | |
|---|---|---|---|

4. **FACT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Fact Discovery Limitations— | | |
| | 1. | Maximum number of depositions by Plaintiffs: | *10* |
| | 2. | Maximum number of depositions by Defendant(s): | *10* |
| | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | *7* |
| | 4. | Maximum interrogatories by any side to any side: | *25* |
| | 5. | Maximum requests for admissions by any side to any side: | *35 regarding substantive topics; Unlimited regarding the genuineness of documents* |
| | 6. | Maximum requests for production by any side to any side: | *100* |
| | | | |
| b. | Other Fact Discovery Deadlines— | | |
| | 1. | Deadline to serve written discovery: | *04/01/2026* |
| | 2. | Deadline for fact discovery to close: | *05/01/2026* |
| | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | *05/01/2026* |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[1]

| | | | |
|---|---|---|---|
| a. | Deadline to file a motion to amend pleadings— | | |
| | 1. | Plaintiffs: | *03/15/2026* |
| | 2. | Defendant(s): | *03/15/2026* |
| | | | |
| b. | Deadline to file a motion to join additional parties— | | |
| | 1. | Plaintiffs: | *03/15/2026* |
| | 2. | Defendant(s): | *03/15/2026* |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

6. **EXPERT DISCOVERY**

| | | | | |
|---|---|---|---|---|
| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | | |
| | 1. | Parties bearing the burden of proof: | | *06/05/2026* |
| | 2. | Parties not bearing the burden of proof: | | *06/05/2026* |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | | |
| | 1. | Parties bearing the burden of proof: | | *06/05/2026* |
| | 2. | Parties not bearing the burden of proof: | | *06/05/2026* |
| | 3. | Rebuttal reports, if any: | | *07/31/2026* |
| c. | Deadline for expert discovery to close: | | | *08/28/2026* |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

| | | | |
|---|---|---|---|
| a. | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | | *10/02/2026* |
| b. | Deadline for filing a request for a scheduling conference with the district judge for the purpose of setting a trial date if no dispositive motions are filed. | | *10/09/2026* |
| c. | If dispositive motions are filed and the district judge's ruling on those motions does not resolve the case, the parties shall file a request for a scheduling conference with the district judge for the purpose of setting a trial date no later than one week after the ruling on the dispositive motions. | | |

IT IS SO ORDERED.

DATED this 23 September 2025.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah